UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT MCCOMB,

    Plaintiff,

vs.

BEST BUY INC.,[1] *et al.*,

    Defendants.

Case No. 3:23-cv-28

District Judge Michael J. Newman,
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS AS TO LEWIS BRISBOIS BISGAARD & SMITH, JANET LAMBERT, AND CRAIG M. SCHNEIDER (Doc. No. 6); AND (2) DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS LEWIS BRISBOIS BISGAARD & SMITH, JANET LAMBERT, AND CRAIG M. SCHNEIDER**

---

    This is a civil case in which *pro se* Plaintiff Robert McComb alleges he was wrongfully denied customer service at two Best Buy stores due to discrimination on the basis of his race and disability.  Doc. No. 2 at PageID 100.  Plaintiff brings claims against the law firm Lewis Brisbois Bisgaard & Smith LLP ("law firm") and attorneys Janet Lambert and Craig M. Schneider ("attorneys"), who represented Best Buy Stores, LP ("Best Buy") in pre-litigation negotiations with him.  Doc. No. 2.  The case is before the Court on a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by the law firm and attorneys.  Doc. No. 6.  Plaintiff filed a memorandum in opposition (Doc. No. 12), and Defendants filed a reply (Doc. No. 14).  Thus, the motion is ripe for review.

---

[1] Plaintiff's complaint identifies Best Buy, Inc. as a Defendant.  Defendant clarified that the correct name is Best Buy Stores, LP.  Doc. No. 5 at PageID 157.

I.	STANDARD OF REVIEW

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Additionally, the Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing

2

*Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

## II. LAW AND ANALYSIS

Plaintiff's claims against the law firm and attorneys must be dismissed. In connection with his discrimination claims against Best Buy and its employees, Plaintiff asserts that counsel for Best Buy committed fraudulent misrepresentation in its pre-litigation settlement negotiations with him by making a low appraisal of the value of his claims and offering him $500 to settle his claims. Doc. No. 2 at PageID 124-25.

To assert a fraud claim in federal court, "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). The Sixth Circuit applies a six-element test for fraudulent misrepresentation under Ohio law:

> (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliable upon the representation or concealment by the other party, and (6) a resulting injury proximately caused by the reliance.

*McCoy v. RFS Charitable Found.*, No. 3:22-CV-807, 2023 WL 1470401 at *5 (N.D. Ohio Feb. 2, 2023) (quoting *Milner v. Biggs*, 522 F. App'x 287, 294 (6th Cir. 2013)).

Plaintiff alleges that counsel for Best Buy falsely represented that Best Buy did not violate his rights and that his claims are only worth $500. Doc. No. 2 at PageID 124-25. He also alleges that the representation was made with the intent to mislead him to enter into a settlement agreement. *Id.* at PageID 125. However, Plaintiff does not allege that he relied on the

3

representation or that he was injured by his reliance on the representation. *See id.* Nor can he plausibly do so because he did not enter into a settlement agreement with Best Buy and instead filed this lawsuit. *See id.* Finally, Plaintiff's complaint only describes actions by a law firm and attorneys engaged in ordinary representation of their clients during a pre-litigation settlement negotiation. *See id.* Thus, Plaintiff has not stated a plausible claim for fraudulent misrepresentation. *See McCoy*, 2023 WL 1470401 at *6.

The complaint, liberally construed, also assents a claim for negligent misrepresentation by Best Buy's counsel. Doc. No. 2 at PageID 106. To allege a claim of negligent misrepresentation under Ohio law, a plaintiff must show: "(1) the defendant supplied false information; (2) in the course of his business, profession, or employment, […]; (3) that caused pecuniary loss to the plaintiff; (4) justifiable reliance; and (5) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information at issue." *Aero Fulfillment Servs. Corp. v. Oracle Corp.*, 186 F.Supp. 3d 764, 777 (S.D. Ohio 2016) (citing *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989)).

Although Plaintiff alleges that Best Buy's counsel failed to exercise reasonable care and supplied false information to him, he does not allege that he justifiably relied on the alleged misrepresentation or that he suffered a pecuniary loss. *See* Doc. No. 2 at PageID 124-25. Thus, Plaintiff has not stated a plausible claim for negligent misrepresentation. *See Aero Fulfillment Servs. Corp.*, 186 F.Supp. 3d at 777.

Therefore, Plaintiff's claims against Defendants Janet Lambert, Craig Schneider, and Lewis Brisbois Bisgaard & Smith LLP must be dismissed pursuant to Rule 12(b)(6).[2]

---

[2] The Court notes that Plaintiff's claims may also merit dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, Defendants' motion to dismiss on behalf of the law firm and attorneys representing Best Buy (Doc. No. 6) is **GRANTED**.  Plaintiff's claims against Defendants Janet Lambert, Craig Schneider, and Lewis Brisbois Bisgaard & Smith LLP are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

  December 18, 2023                         s/Michael J. Newman  
                                                      Hon. Michael J. Newman  
                                                      United States District Judge