UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT MCCOMB,

    Plaintiff,

vs.

BEST BUY INC.,[1] *et al.*,

    Defendants.

Case No. 3:23-cv-28

District Judge Michael J. Newman,
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS AS TO BEST BUY STORES, LP, HANNAH JANE DOE, DORIAN JOHN DOE, JEREMY SOUTH, BOB PROFIT, AND ADAO RUSSO WITHOUT PREJUDICE (Doc. No. 5); AND (2) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT BY JANUARY 3, 2024**

---

    This is a civil case in which *pro se* Plaintiff Robert McComb alleges he was wrongfully denied customer service at two Best Buy stores due to discrimination on the basis of his race and disability. Doc. No. 2 at PageID 100. McComb brings claims against Best Buy Stores, LP ("Best Buy"), employees of Best Buy, and attorneys that represent Best Buy. Doc. No. 2. The case is before the Court on a Fed. R. Civ. P. 12(b)(6) motion to dismiss on behalf of Best Buy and Best Buy employees Hannah Jane Doe, Dorian John Doe, Jeremy South, Bob Profit, and Adao Russo. Doc. No. 5. In response to the motion, Plaintiff filed a memorandum in opposition (Doc. No. 13), and Defendants filed a reply (Doc. No. 15). Thus, the motion is ripe for review.

    **I.    STANDARD OF REVIEW**

    A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

---

[1] Plaintiff's complaint identifies Best Buy, Inc. as a Defendant. Defendant clarified that the correct name is Best Buy Stores, LP. Doc. No. 5 at PageID 157.

To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor.  *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Additionally, the Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally."  *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)).  However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

2

## II.   LAW AND ANALYSIS

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants Best Buy and its employees' motion to dismiss (Doc. No. 5), the Court questions whether Plaintiff's complaint satisfies Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires that "'[a] pleading that states a claim for relief must contain,' among other things, 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(2)).  A complaint violates Fed. R. Civ. P. 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'"  *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).  The usual remedy is dismissal without prejudice, while granting leave to amend.  *Id.*

## III.   CONCLUSION

Accordingly, Defendants' motion to dismiss on behalf of Best Buy and its employees (Doc. No. 5) is **DENIED WITHOUT PREJUDICE**.  Plaintiff is **GRANTED leave to file** an amended complaint by **January 3, 2024**.  The amended complaint shall not exceed 20 pages and shall only apply to Defendants Best Buy, Hannah Jane Doe, Dorian John Doe, Jeremy South, Bob Profit, and Adao Russo.  Defendants may, if warranted, file a renewed motion to dismiss in the event Plaintiff files an amended complaint. Plaintiff is **ADVISED** that if he fails to timely file an amended complaint in accordance with this Order, the Court may dismiss his complaint with prejudice and terminate this case on the docket.  *See Kensu*, 5 F.4th at 652–53.

**IT IS SO ORDERED.**

December 19, 2023                               s/Michael J. Newman
                                                                       Hon. Michael J. Newman
                                                                       United States District Judge