IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
WESTERN DIVISION DAYTON

Robert McComb                          )        *CASE NO:*  3:23 cv 28
c/o 905 GAWAIN CIRCLE
DAYTON, OHIO 45449                              *HONORABLE JUDGE:*
          *Plaintiffs,*
                                       )

-vs-

BEST BUY STORE. ET AL                           COMPLAINT
7601 PENN AVE. S
MINNEAPOLIS, MN 55423                  )        ***JURY TRIAL DEMAND UNDER***
          *Third Party Defendant' s*            ***CIVIL RULE 38 ON FACTUAL ISSUE***
          Individual Capacity                   ***MONEY DAMAGES.***

  -vs-.                                 )


ANNAH JANE DOE                         )        *FIRST AMENDED COMPLAINT*
ASSISTANT MANAGER
131 MALL WOODS DR.
DAYTON, OHIO  45449                    )


     *Third Party Defendant' s*
        *Individual Capacity*          )

-vs-
                                       )

DORIAN JOHN DOE
SALE MANAGERS
131 MALL WOODS DR.                     )
DAYTON, OHIO 45449


     *Third Party Defendant' s*
        *Individual Capacity*          )

                                       1.

-vs-

JEREMY SOUTH                                    )
TECHNICIAN GEEK SQUAD
131 MALL WOODS DR.
DAYTON, OHIO 45449                              )
    *Third Party Defendant's*
     *Sued Individual Capacity*

-vs-                                           )

BOB PROFIT
TECHNICIAN GEEK SQUAD                          )
131 MALL WOODS DR.
DAYTON, OHIO 45449
    *Third Party Defendant's*          )
     *Sued Individual Capacity*

-vs-                                           )

ADAO RUSSO
FRONT END SUPERVIOR                            )
2907 CENTRE DRIVE
FAIRBORN OHIO 45324
    *Third Party Defendant's*          )
     *Sued Individual Capacity*

   -                                     )

-------------------------------------------------------------------------------------------------------

Hampton v. Dillard Department Stores, Inc. 247 F.3d 1091 & Phelps v. Wichita Eagle-
Beacon, 886 F.2d 1262,

1.    The Plaintiff Robert McComb, by representation in propria persona (pro se) alleges facts as follows:

<u>NATURE OF THIS ACTION</u>

2.    This is a civil rights law suit brought by Robert McComb to redress the racial discrimination on the basis of Plaintiff being African American, Breach of Contract 42 U.S.C. 1981(a)(b)(c), unjust enrichment, breach of warranty and violation Title III of the Americans with Disabilities Act of 1990 ( "Title III" and the "ADA" ), Title 42 U.S.C. 12181-12189, Title 42 U.S.C. 12132, Title 42 U.S.C. 1981 Equal Rights Under the Law section (b) Breach of Contract and Rights to enforce contract between Plaintiff McComb and Defendants et al Best Buy Stores, LP. Defendants' et al., and its agents denied Plaintiff McComb of his rights and privileges allotted to Plaintiff McComb under Best Buy Stores, LP facial mask policies et seq., Governor, Mike DeWine and Ohio Interim Health Director Executive Orders, to enter there store et seq, contractual in store card agreement shop, make purchases and payments at or therein Best Buy Store, LP locations, due to Plaintiff McComb physical and mental inability to wear facial covering being in place during all time of the unlawfully discriminating actions and breach of contract against one of their own Best Buy In Store Card holders Plaintiff McComb.

3.    Plaintiff Robert McComb, based on his 20 plus years of preexisting physical and mental medical health conditions and those alike was granted under the full order of Governor of Ohio, Mike DeWine, Interim Lance D. Himes, Interim Director of Health Executive Order and Best Buy Store, LP, brick and mortal facial store policy posted, specifically exempt Plaintiff McComb and those groups of patron like from wearing facial covering whom sought to enter, conduct business and shop at any Best Buy Stores, LP located in the State of Ohio.

4.    Plaintiff Robert McComb has reasonable cause to believe that he was subjected racial discrimination and discrimination practices and disparate treatment at two of

Best Buy Store, LP separate dates, times and locations resulting in of violation of Title III (ADA), Title VII of the Civil Rights Act, 18 U.S.C. 245(F) Federally Protected Activities, 42 U.S.C. Code 1981 Equal Rights under the law et seq., to Section 1981(a)(b)(c) Contract Clause the same right to make and enforce contract between Plaintiff McComb and Best Buy In Stores, LP Patterson v. Mclean Credit Union, and as that white citizen possess, applicable to "private and governmental actions."

5, Defendants actions subsequently violated 1981(a) Breach of Contract and their conduct raises an issue of general public importance within the meaning of 28 U.S.C. 1331 and 28 C.F.R. 36,503(b).

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the federal claims presented in this action pursuant to 42 U.S.C. 1983, 42 U.S.C. 42 U.S.C. 1981 amend by civil rights act of 1991(a)(b)&(c) & (1866), 12188(b)(1)(B) and 28 U.S.C. § 1331.

7. Venue lies in this judicial district pursuant to 28 U.S.C. 1391(b) because Defendant et al Best Buy Stores, LP and its "Agent/Employees" place of business are located 131 Mall Woods Drive, Miamisburg, Ohio 45449 and 2907 Centre Drive, Fairborn, Ohio 45324 being doing business within Dayton, Ohio, Montgomery County and acts of discrimination occurred in this district.

### PLAINTIFF PARTIES
8. Plaintiff Robert S. McComb is a residence of Montgomery County, Dayton, Ohio.

### DEFENDANTS PARTIES

9. Defendants Best Buy Stores LP, Corporate office located 7601 Penn Avenue, South Richfield, MN 55423. Defendants Best Buy Store, LP. et al., is electronic store, with stores located in Miamisburg and Fairborn, Ohio.

4.

10.    Defendant Best Buy Store, LP, et al.,   at the time of the events employed all named defendants in which were acting on behalf of Best Buy as employees, agents and representative employed by Best Buy Store, LP at locations 131 Mall Woods Dr., Dayton, Ohio 45449 and 2907 Centre Drive, Fairborn, Ohio 45324.

11.  Defendant Annah Jane Doe party to this action front store supervisor sued as third party in her Individual/Joint Capacity as (Agent/Employee) to Best Buy performing her duties and representation of entitlement supervisor as "Agent" to the "Principal Best Buy Store, LP located at 131 Mall Wood Drive, Dayton, Ohio 45449.

12.  Defendant Dorian John Doe to this action sales manager over electronics sued as third party and in his Individual/Joint Capacity as (**Agent/Employee**) to Best Buy performing is duties and representation of entitlement manager of sales electronics division herein performing his duties of representation entitlement of employment as "Agent" to the "Principal" Best Buy Store, LP., located at 131 Mall Wood Drive, Dayton, Ohio 45449.

13.  Defendant Bob Profit to his action LP-Geek Squad Technician sued as third party and in his Individual/Joint Capacity as (Agent/Employee) to Best Buy Store, herein performing his duties of representation of entitlement employment as "Agent" to the "Principal" Best Buy Store, LP, located at 131 Mall Wood Drive, Dayton, Ohio 45449.

14.   Defendant Jeremy South to his actions LP-Geek Squad Technician sued as third party and in his Individual/Joint Capacity as (**Agent/Employee**) to Best Buy Store herein performing his duties of entitlement employment as "Agent" to the "Principal" Best Buy Store, LP,  located at 131 Mall Wood Drive, Dayton, Ohio 45449.

5.

15.    Defendant Adao Russo to his action sued as third party and in his Individual/Joint Capacity as (Agent/Employee) front end supervisor of Best Buy Store, LP, herein performing his duties of entitlement employment as "Agent" to the "Principal" Best Buy Inc., located at 2907 Centre Drive, Fairborn, Ohio 45324.

## TITLE III OF THE ADA

16.    Title III ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any public accommodation by any people who owns, operates or lease a place of public Accommodation 42 U.S.C. 12182(a); 28 C.F.R. 36.201(a).

## BEST BUY STORES, LP

17.    Defendant Best Buy Stores, LP., is a place of accommodation within the meaning of Title because it is a place of business and/or store ··· or other service established" 42 U.S.C. 12181(7)(F); 28 C.F.R. 36.104.

18.  Best Buy Stores, LP, as the operators of service establishment to its card holders, patron and public Best Buy Stores, LP, is a place public accommodation within the meaning of Title III, 42 U.S.C. 121817(F); 28 C.F.R. 36.104, and is therefore subject to the accommodation requirements of Title of the ADA.

19.    For purposes of Title III of the ADA, discrimination against individuals or classes of individuals with disabilities general includes, among other things and as define 42 U.S. 12181:

    a.    outright denial of the "goods, services, facilities, privileges, advantages, and accommodations" of the entity, 42 U.S.C. 12182(b)(1)(A); 28 C.F.R. 36.202;

6.

b. the imposition or application of eligibility criteria that screen out or tend to screen out an individual on the basis of disability "from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary." 42 U.S.C. 12181(b)(2)(A)(i); 28 C.F.R. 36.301(a);

c. the failure to make reasonable and or enforce modifications in policies, practices or procedures, when such modifications are necessary or failure compel all employees to adhere and follow the policies, practices and procedures in which the premises of the modification were based upon, when such modifications are necessary to afford such goods, services, facilities, privileges, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modification would fundamentally alter the nature of such goods, services, facilities, advantages, or accommodations." 42 U.S.C. 12181(b)(2)(A)(ii); 28 C.F.R. 36.302.

20. For the purpose of 42 U.S.C. 1981(a)(b)(c) prohibits intentional discrimination on the basis of race discrimination, enforcement and breach of contract with Defendants Best Buy Store, LP and Title VII racial discrimination subsequently to Breach of Contract and among other things by all named Defendants directly and indirectly:

a. outright intentional denial of Plaintiff to enforce his contract with Best Buy, including making, performance, modification, and termination of contracts, and enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Best Buy and Citi Bank in which Plaintiff has rights.

b. defendants actions directly and outright denied plaintiff entry to make

7.

purchases, refused to service plaintiff while standing within Best Buy, ordering all other employees not to service or assist Plaintiff with any purchases, return nor payments whereas Defendant's Best Buy facial covering policy granted such entry under its mask policy therefore, defendants racial discriminatory actions, without presumption or inference only amounts to Plaintiff being African American Male challenging the unlawful authority of a Caucasian managerial Best Buy employee.

c. The imposition or application of Plaintiff rights to enforce the terms of the contract, which includes the making, performance, modification and termination of the contract, and the enjoyment of all its benefits, privileges, terms, and conditions of the contractual relationship was denied at Defendant's Best Buy location in Miamisburg and Fairborn Ohio on two different occasion and dates.

21. The regulation implementing Title III specifically requires public accommodations such as to Defendant's Best Buy Stores, LP and its "Agents-Employees" to "modify or *enforce the policies, practices*, or *procedures* it had in place during January 24, 2021, January 25, 2021 and February 21 2021 as stated under its Best Buy Face Mask Covering policy:

a. "*We will provide a face covering if a customer doesn't have one, and small children and those unable to wear one for health reasons may enter without one.*"

## STATE OF FACTS

22. Plaintiff Robert McComb is an individual with full disability within the meaning of

8.

the ADA, 42 U.S.C. 12102; 28 C.F.R. 36.104. Plaintiff has been diagnosed within physical and mental disabilities 20 plus years and up until the filing of his claims. Plaintiff McComb during all times was and remains under the care of his family physician for his medical conditions and disabilities for acute chronic asthma, respiratory complications, anxiety, depression, sleeping disorder, hypertension (High Blood Pressure) acute and chronic pain due herniated disk and overgrowth of bone causing pressure sciatic nerve.

23.  Plaintiff uses inhalers and breathing treatments for his conditions and support devises for his other physical conditions.

24.   Plaintiff McComb conditions is a physical impairment, and it substantially limits and prevents him from performance of one or more major life functions, such as obstructing his breath pathetic way etc.

25.   Plaintiff McComb physical impairments also limit one or more respiratory functions, including breathing independently without the use of respiratory inhalers and oral medications.

26.   Plaintiff McComb have been a Best Buy in Store Card holder since 2020, in contract with Best Buy Stores, LP.

## MATERIAL FACTS.

27.  *January 24, 2021*, I, Plaintiff Robert McComb and Todd Harrison arrived at Best Buy Stores, LP place of business located at 131 Mall Woods Drive, Dayton, Ohio 45449, approximately about 5:30 pm. Plaintiff upon entering upon entering Best Buy with Mr. Harrison were immediately approached and greeted by store employee Defendant

10.

Hannah Jane Doe informing Plaintiff McComb and Mr. Harrison that we must wear facial mask or covering before entering the store.

28.    Plaintiff McComb verbally assured Defendant Hannah Jane Doe, that Plaintiff McComb was exempt from wearing facial mask covering due to pre-existing medical conditions that prevented Plaintiff McComb from wearing the mask or any covering that obstructs Plaintiff breathing.

29.    Defendant Hannah obstinately in her pursuant of Plaintiff McComb and Mr. Harrison continued to verbal command and demanded that both parties wear facial mask covering.

30.    Plaintiff McComb and Mr. Harrison proceeded to attempted to depart from Defendant Hannah in her pursuant and repeated demanded of Plaintiff Robert McComb and Mr. Harrison to wear facial mask threaten, Plaintiff McComb and Mr. Harrison that failure to do so would result in being force to leave the store and premises.

31.    Plaintiff McComb repeatedly recited, under advisement to Defendant Hannah that Plaintiff McComb was exempt under Ohio Governor Mike De Wine executive order executive ordinance pg. 3(b) section (3) and that Best Buy Policy does not require Plaintiff to wear a mask to shop, pay bills or receive services.

32.    Defendant Hannah responded to Plaintiff McComb that she does not care, and that if Plaintiff and Mr. Harrison does not wear the facial covering in the store she demand that Plaintiff McComb and Mr. Harrison to leave the store and the premises, concluding that no service will be given nor render to the Plaintiff, if Plaintiff and Mr. Harrison do not wear facial covering while in the store.

33.  Plaintiff McComb advised Defendant Hannah,  at which time Defendant Dorian John Doe joined in, you do understand that you are in violation of 18 USC 245 Federal

10.

Protected Activities, ADA and the Governor Mike DeWine Executive Order.

34.    Defendant Hannah responded that law does not apply to Best Buy Stores and that she has no idea what the contents of the Federal Violation Warning are.  (Video and Audio Recorded)

35.     Plaintiff McComb, handed a copy of a Federal Violation Warning to Defendant Hannah Jane Doe and Dorian John Doe.

36.    Plaintiff McComb read at moderate tone, section 18 USC 245(b)(1)&(F)(i)(ii),  in full contents within the copy of Plaintiff Federal Violation Warning, later to be served upon both Defendant Hannah Jane Doe, Dorian John Doe, Jeremy South and Bob Profit.

37.    Defendant Hannah and Dorian repeatedly responded that Governor Mike DeWine order does not apply to us, because Best Buy is a private company and can make its own policies.

38.    Defendant Dorian and Hannah continue to order Plaintiff Mr. McComb and Mr. Harrison to wear facial covering leave the premises.

39.     Defendant Dorian and Defendant Hannah announced and order aloud to all employees, that no employee shall render service to the Plaintiff Mr. McComb, due him failing to wear facial covering while shopping at Best Buy.

40.   Defendant Dorian informed Plaintiff that Law enforcement shall be called to have Plaintiff McComb and Mr. Harrison removed from the premises for refusing to wear facial covering.

41.    Defendant Hannah order Defendant Dorian from electronic to order Defendant Jeremy South of (Geek Squad Department) to call Miamisburg's Police Department to

11.

have the Plaintiff McComb and Mr. Harrison removed from the Best Buy Store, for refusing to wear facial covering while shopping in the store.

42.    Plaintiff McComb observing both Defendant Hannah and Dorian read the information in the Federal Violation Warning while standing by the center front entrance.

43.    Plaintiff asked both parties do they still stand on their decision of refusing Plaintiff services, right to pay on his credit card, make purchases and compelling Plaintiff McComb to vacate the store for failing to wear a mask.

44.    Defendants Hannah and Dorian responded with yes, with repeatedly informing Plaintiff McComb and Mr. Harrison to put on the facial coverings or leave or we will not service you without the mask being put on.

45.    Plaintiff Mr. McComb specifically reiterated for the third time, to both Defendant parties, stating "let me be clear after you read the ordinance, your actions on refusing me service due to my medical conditions preventing me from wear a mask, with both of you being aware of the ordinance and federal violation warning with the possibility of being arrested for such violations you still require that your demands be meet, which are wear the masks or be subjected to not receiving services and subsequently being subjected to the intimidating threats of calling law enforcement to remove us for exercising my rights not to wear the mask, both agents responded with yes.

46.    Plaintiff McComb, stated I would not need you to service me today but I'm not leaving the store, so call law enforcement. Further, Plaintiff advised both parties involved that plaintiff just spent $3000.00 dollars in this store (*Best Buy In Store Membership Card*); both parties stated bring it back for a refund. (*Audio/Video*).

12.

47.   Plaintiff McComb and Mr. Harrison proceed to seek service from the Geek Squad department whereas, Defendant Jeremy and Bob Profit was located. Plaintiff McComb and Mr. Harrison upon approaching the Geek Squad desk area, it is when Defendant Jeremy South and Defendant Bob Profit advised Plaintiff that they would not render service to Plaintiff and that somebody was coming.

48.   Plaintiff asked  Jeremy South and Defendant  Bob Profit are sure you want to join in on this incident, Defendant Jeremy South stated that I cannot or will not serve you, stating to Plaintiff  McComb and Todd Harrison if you do not leave the police is coming.

49.   Plaintiff Mr. McComb and witness Mr. Harrison waited for the officer approximately 15 to 20 minutes Miamisburg Police to arrive, the officers never arrived so Plaintiff McComb and Mr. Harrison decide to leave the premises without being serviced.

50.   Plaintiff McComb and Mr. Harrison upon leaving the building made observation of Best Buy Store posted mask policy signs posted outside on the front mortal building of Best Buy Store clearly stated and or read specifically the following:

- *Small children and those unable to wear a face covering for health reasons may enter without one"  quote.*

51 . *January 25, 2020*,   Plaintiff Mr. McComb with Mr. Harrison and Mr. McComb, brother arrived at back at Best Buy located at 131 Mall Woods Dr., Dayton, Ohio 45449.

52.   Plaintiff Robert McComb enter Best Buy requesting to speak with the general manager, Mr. Ortiz.

53.   Unknown registrar checkout clerk of Best Buy advised Plaintiff McComb that Mr. Ortiz was not on shift.

13.

54.     Plaintiff McComb, was approached by Defendant Hannah. Plaintiff McComb informed Defendant Hannah that he was there to complete service upon Defendant Hannah, as Defendant was advised on January 24, 2021.

55.    Plaintiff McComb informed Defendants Hannah Jane Doe that her blatant actions represent racial discrimination; discrimination against Plaintiff due his disabilities and her were interfering with Plaintiff rights and privileges to enter the Best Buy Store without facial covering, due Plaintiff medical inability to wear facial covering that would obstructs Plaintiff breathing.

56..   Plaintiff McComb serviced Defendant Hannah a complete copy of Plaintiff Federal Violation Warning advising her that she has been place on notice and served that a Federal Civil Suit shall be filed against her and the other parties involved, Defendant Hannah accepted the documents, as Defendant Hannah to position herself by the cell phone stations.

57.    Plaintiff McComb altered Defndant  Hannah Jane Doe to summons the other parties involved in the matter on January 24, 2021, approximately 5:40 P.M., to the front to receive the service of the Federal Violation Warning Complaint.

58.   Plaintiff McComb reiterated to Defendant Hannah that it clearly states on the front of Best Buy building, persons who are exempt and not required to wear a mask when entering Best Buy Stores.

59.   Defendant Hannah then again stated that Plaintiff Mr. McComb would be required to wear a mask with further stating I' m not going to argue with you today and walked off.

60.    Plaintiff McComb requested that Defendant Hannah summons Defendant Dorain Bob Profit (geek squad) and Jeremy South (geek squad) to the front desk for service of

14.

their Federal Violation Warning, while she stood by the cell phone area.

61. Defendant Hannah Jane Doe walked further off into the rear of the store towards TV and electronic area. Plaintiff McComb was notified by Mr. Harrison, that Defendant Jeremy South was at the counter of the geek squad department.

62. Plaintiff McComb approached Defendant Jeremy South at the Geek Squad counter announcing that Defendant South were being serviced with his federal violation warning. Defendant Jeremy South slang the notification of service on to the floor in front of the Geek Squad counter.

63. Plaintiff McComb attempted to make service upon Defendant Profit, an employee of Geek Squad, at which time he merge back into the quarters of the Geek Squad work stations area. Kenneth John Doe of Geek Squad approached Plaintiff Mr. McComb and the witnesses with me, demanding that Plaintiff leave the premises.

64. Defendant Kenneth "John Doe" reiterated that Defendant Hannah Jane Doe, assistant manager, informed Plaintiff McComb to leave the store and that if Plaintiff did not leave the premises she has order Defendant Kenneth John Doe to call law enforcement to have Plaintiff McComb removed.

65. Plaintiff McComb informed Defendant Kenneth "John Doe of Geek Squad" go head call the police and that Plaintiff will be waiting for their arrival.

66. Defendant Kenneth "John Doe" from what it appeared dialed 911 upon the ordering of Defendant Hannah to called 911 dispatcher requesting them to send officer's at the Best Buy location at 131 Mall Wood Drive, Dayton, Ohio 45449.

15.

67. After, approximately 10 minutes had passed Plaintiff McComb, brother Walter McComb and Todd Harrison as witnesses observed Miamisburg Law Enforcement arriving on the scene at 131 Mall Woods Drive, Dayton, Ohio 45449.

68. Peace Officer Megan Slupe and Nyles Greens the reporting officers on the scene, officer Megan Slupe inquired about the situation at hand, while Officer Green interviewed Defendant Hannah.

69. Plaintiff Mr. McComb and Mr. Harrison advised, Officer Slupe that on January 24, 2021, Plaintiff McComb and Mr. Harrison arrival at Best Buy located at 131 Mall Wood Drive, Dayton, Ohio, approximately 5:30 PM.

70. Plaintiff McComb explained to Officer Slupe, upon Plaintiff McComb and Mr. Harrison entering the building of Best Buy, Defendant Hannah and later Dorian approached Plaintiff McComb and Mr. Harrison demanding that we put on a mask covering or we would be required to leave the premises and if we did not leave we would not receive service from Best Buy Store staff.

71. Plaintiff advised Officer Slupe, I was there to service a copy of the Federal Violation Warnings upon all named Defendants, price check electronics, make purchases and pay my credit card bill, when Defendant's Hannah refused Plaintiff again, service for his inability to wear facial covering.

72. Plaintiff McComb advised officer, Slupe that if you look at the posted signs on the exterior of Best Buy building clearly states that *"Small children and those unable to wear a face covering for health reasons may enter without one"* quote.

73. Officer Slupe, verified that the posted sign on the exterior building of Best Buy Store does reflect, that a customer may enter Best Buy without mask covering who are unable to wear them. Officer Slupe, during speaking with Plaintiff Mr. McComb and

16.

witnesses, advised Plaintiff McComb and witnesses that those kinds of signs are posted everywhere.

74.   Plaintiff McComb requested for the police ID number reports for dates January 24, 2021 and January 25, 2021, at which time officer Slupe issued the police reports ID numbers, with advising Plaintiff McComb that they can retrieve in several days.

75.   Officer Slupe return into Best Buy speaking with officer Green, than returning back to where Plaintiff  McComb and witness where position.

76.   Plaintiff McComb asked both officer why the Defendant Annah  "Jane Doe" assistant manager did not demand or order that both officer where require to wear mask and complying with the six feet distance upon entering Best Buy store. Officer Slupe and Green replied they were not required to wear mask coverings.

77.   Plaintiff McComb replied to both officers, because you fall under the exemption correct, officer Green stated yes. Officer Slupe ask plaintiff if he would not mind going to other Best Buy Store, location until this settle down, Plaintiff McComb state that would be no problem.

78..   February 21, 2021, approximately 11:59 AM Plaintiff Robert McComb arrived at Best Buy in Fairborn, Ohio to conduct a price check, make purchase and pay a bill at that location.

79.   Plaintiff was approached by Defendant Adao Russo, while another agent was attempting to process my credit card payment and answer my inquiries.

80.   Defendant Adao Russo asked the processing representative what was my business, the employee informed Defendant Russo that Plaintiff was only here to process a credit card payment and make a purchases.

17.

81.  Defendant Adao Russo intervene by advising Plaintiff McComb, we are able to process your payment due to Plaintiff not wearing a mask covering.

82.  Plaintiff McComb advised Defendant Adao Russo that Plaintiff falls under the Govern Mike DeWine exemption order and the sign outside clearly states who may enter without a mask or facial covering. Defendant Adao Russo demand for medical documentations showing my disabilities.

83.  Plaintiff McComb advised Defendant Adao Russo that demanding for medical documentation and or requiring a person to verbally state the medical conditions are in violation of the HIPPA law and the Governor Mike DeWine executive order.

84.  Defendant Adao Russo advised Plaintiff McComb if Plaintiff do not or cannot show proof of medical restriction or show a doctor's note that Plaintiff cannot wear a mask then we will not service you therefore, you must leave the premises or wear a mask while shopping at Best Buy.

85..  February 21, 2021 Plaintiff McComb returned back to Best Buy located at 2907 Centre Drive hand delivering upon Defendant Adao Russo copy of Federal Violation Warning on the bases of his discriminatory actions of Russo refusing services to plaintiff, denying Plaintiff entry to process payments, make in store purchases and entry into Best Buy Electronic Store based on Plaintiff disabilities and being person of decadence of African American.

## COUNT I

For Violation of 42 U.S.C. 1981 Racial Discrimination et seq., 42 U.S.C. 2000(a) or (b) et seq., (Title II of Civil Rights Act); 42 U.S.C. 12182 Discrimination Act by Public Accommodation Clause et seq. Title III of American with Disability Act

For Violation of 42 U.S.C. 12182 – 42 U.S.C. 1981(a)(b)(c)& amended 1991-1866
McDonald v. Santa Fe Trail Transportation Company Saint Francis College v. Al-Khazraji,
Comcast v. National Assoc. of African American-Owned Media

86. Plaintiff McComb re-alleges and incorporate by reference every allegation set forth in the preceding paragraphs 1 through 90 as though alleged in this Count.

87. Defendants' et al Best Buy Stores, LP, Annah Jane Doe, Dorian John Doe, Jeremy South and Bod Profits et seq., to Adao Russo employees of Best Buy Store, LP actions amounted to intentional discrimination, racial discrimination and disparate treatment against Plaintiff. Defendant's et al denied Plaintiff McComb of his guaranteed equal rights to make and enforce Plaintiff contract with Best Buy Store, LP. When Defendants et al denied plaintiff services upon entry into Best Buy Store on January 24, 2021, January 25, 2021, et seq., February 21, 2021 et seq. make purchases, price check, enforce Best Buy Store Mask Policy, refuse to engage plaintiff McComb in the contractual transaction that is guaranteed under Citibank/Best Buy Store Card contractual agreement to make in Store purchases, refusing Plaintiff rights to utilize his Best Buy in Store Card at both store locations on separate days as is enjoyed by white citizen and other Best Buy in Store Card holders.

88. The Discriminatory acts of Defendants et al were knowingly, intentional, willful et seq. to malice, wanton and with total disregard to Plaintiff rights under enforceable law to contract. Best Buy Store, LP et al and its Agents named herein actions were also racially motivated, immoral, unethical, oppressive, unscrupulous, unconscionable, without legal authority and substantially injurious to Plaintiff McComb.

89. Plaintiff McComb Best Buy in Store Card Contractual Agreement "only" granted availability and means to make purchases in Best Buy In Stores Card Mortal Stores location.

<u>COUNT TWO</u>

**For Violation of 42 U.S.C. 2000(a) or (b) et seq., (Title II of Civil Rights Act); 42 U.S.C. 12182 Discrimination of Act Accommodation Clause et seq. Title III of American with Disability Act et seq. 1981a Contract Clause**

- For Violation of 42 U.S.C. 1981(a) amend by Civil Rights Act of 1991(a)(b)&(c) "Breach of Rights to enforce a Contract" Hampton v. Dillard Department Stores, Inc. 247 F.3d 1091 & Phelps v. Wichita Eagle -Beacon, 886 F.2d 1262; Momino's Pizza, 546 U.S. 476, 126 S.Ct 1246.

90. Plaintiff McComb re-alleges and incorporate by reference every allegation set forth in the preceding paragraphs 1 through 90 as though alleged in this Count.

- Section 1981(a) Contract Clause enumerates several rights, guaranteeing "[a]ll persons" the same right to full equal benefits of all laws and the rights to make and enforce contracts" to include the making, performance, modification, and termination of contracts, and the enjoyment of "all benefits, privileges, terms, and conditions of the contractual relationship."

91. Defendants Best Buy Store, LP et al and its Agents, employees and or representatives Breach Plaintiff contract et seq., disparate treatment by denying Plaintiff under the stipulations of acceptance of contractual agreements associated with the issued in Store Best Buy Card, Plaintiff ability of enforcing enjoyment of all benefits, privilege, terms and conditions of the use Best Buy in Store Card at any and all Best Buy Stores, LP locations without interference was denied.

92. The Discriminatory acts of defendants were knowingly, intentional, willful, malice, wanton and with total disregard to Plaintiff rights under law. Best Buy Store, LP et al

and its Agents named herein actions were also immoral, unethical, oppressive, unscrupulous, unconscionable, without legal authority and substantially injurious to Plaintiff McComb.

93.     Plaintiff McComb Best Buy in Store Card contractual agreement only granted availability and means to make purchases with Plaintiff McComb, Best Buy In Stores Card at Best Buy Mortal Stores locations.

## COUNT III

For Violation of 42 U.S.C. 2000(a) or (b) et seq., (Title II of Civil Rights Act); 42 U.S.C. 12182 Discrimination of Act Accommodation Clause et seq. Title III of American with Disability Act et seq. 42 U.S.C. 1981

94.  Plaintiff McComb  re-alleges and incorporate by reference every allegation set forth in the preceding paragraphs 1 through 90 as though alleged in this Count.

- No individual  "shall"  be discriminated against on the basis of disability in the full equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.

95.     Defendants Best Buy Store, LP et al and its Agents, employees and or representatives discriminated against Plaintiff based on his physical and mental disabilities violating section 42 U.S.C. 12182, when Defendants'  on both but separate occasion openly and verbally acknowledge that brick mortal sign posted on the outside of both Best Buy Stores, LP exempted children and those with pre-existing medical conditions. Defendants et al ., made a conscious decision to disregard the required enforcement of Best Buy Stores, LP mandated store mask policy further in doing so Defendants et al on both occasion refused Plaintiff entry and services, their actions were committed with malice and malicious intent to deny Plaintiff McComb the granted

21.

rights and privilege granted under Best Buy Stores, LP Mask Policy, Governor Mike DeWine and Interim Directors of Ohio executive orders of the State of Ohio, with Defendant et al forcing Plaintiff McComb to show medical documentation after Plaintiff repeated made aware, under the threat coercion Plaintiff disabilities.

96.     When Defendant's denied, Plaintiff participation, privilege, equal enjoyment of the goods, services and heathered access to both Best Buy Store due to his disabilities and inability to wear facial covering. Defendant's et al were clearly aware of Best Buy Mask Policy at both of Best Buy Stores, LP but still disregarded Plaintiff McComb right to enter both location. Defendant et al., acts against Plaintiff amounted to disparate treatment and discrimination based on Plaintiff race and disabilities, after Plaintiff McComb pleaded, repeated attempts to explain and affirmation of Plaintiff Mental and Physical Medical condition to all named Defendants on both occasion that enabling Plaintiff to wear facial covering from which Best Buy Stores, LP clearly exempts, Defendant's et al disregard Plaintiffs medical pleas refused Plaintiff services while entering both location.

97.  The Discriminatory acts of defendants were knowingly, intentional, willful, malice, wanton and with total disregard to Plaintiff rights under color law. Best Buy Store, LP et al and its Agents named herein actions were also immoral, unethical, reckless, oppressive, disregard to Plaintiff safety, unscrupulous, unconscionable, intentional, without legal authority and substantially injurious to Plaintiff McComb.

## COUNT IV.

SECTION VI INTENTIONAL DISCRIMINATION SEE O.H. v. UNIF. SCH. DIST., No. C-99-5123 JCS, WL 3337629, at *14 (N.D. Cal. Apr. 14, 2000 (citing Nabozny v. Podlesny, 92 F.3d 446, 454 (7th Cir. 1996)

22.

98.    Plaintiff McComb re-alleges and incorporate by reference every allegation set forth in the preceding paragraphs 1 through 90 as though alleged in this Count.

- 42 U.S.C. 1981 is clear racial discrimination, contract clause guarantees a person equal rights to make and enforce contracts without regard to race. More specially, 1981 contract cause provides that [a]ll person within the jurisdiction of the United States [s]hall have the same right in every State and Territory to make and enforce contract..as is enjoyed by white citizens.

99.    Defendant' s et al named herein with having personal knowledge of Best Buy policy that specifically states and posted outside on front mortar building of all Best Buy Stores specifically allowing "*children and anyone with preexisting medical conditions*" et seq., to Governor Mike DeWine executive order also exempting all peace officer from wearing facial covering. When Defendants et al knew of the facts Best Buy Sign clearly exempted certain patron, groups and classes of people.

100.    Defendants ET al., at Miamisburg location blankly disregards there policy by demanding Plaintiff McComb to wear facial covering upon entering their store or no service will be rendered. When Defendant' s Hannah, upon entry of the two Caucasian Miamisburg Police Officers did not seek enforcement of the state wide mask and six feet compliance of both officer' s  as order by Ohio Governor Mike De' Wine Executive Order, CDC and Ohio Department of Health Executive Orders. Defendant Hannah had no concerns nor expressed any concern of two Caucasian female and male officer not having facial covering. In fact, after review of the video Defendant Annah and the two officers were within two feet of each and unmask during the entire investigation of the call.

101. Defendant Hannah actions toward Plaintiff McComb were intentional and racially

23.

motivated and motivated by race factors. As result Defendant denied Plaintiff McComb rights, privileges and equal protection under the law as to allowing such officers and or other patrons to enter without mask.

.

## COUNT V

### RETALIATION FOR EXERCISING CIVIL RIGHTS AND RIGHTS TO ENFORCE A CONTRACT IN VIOLATION OF 42 U.S. 1981

102.  Plaintiff McComb   re-alleges and incorporate by reference every allegation set forth in the preceding paragraphs 1 through 90 as though alleged in this Count.

103.  Defendant' s et al Annah Jane Doe, Defendant Dorian John Doe, Jeremy South and Bob Profit named herein admitting to having personal knowledge of Best Buy policy, posted outside on front mortar building of all Best Buy stores that  "*children and anyone with preexisting medical conditions*" may enter the stores without facial covering too shop. When Defendant' s initiated the false reported to Miamisburg Police Department on January 24, 2021 and January 25, 2021 reporting that Plaintiff McComb "refused to leave" ,  "will not wear a face mask"  and is being an  "Disorderly Subject"  at which time Plaintiff McComb was exercising his rights and privileges under Best Buy Store, LP policy, to enforce Plaintiff McComb contract between Best Buy Inc., Citi Bank, to enter into any and all Best Buy Stores without facial covering and  to enter into any and all Best But mortal location stores receive equal treatment and accommodations as to the rights and privileges of Miamisburg Police responding officers and other shoppers or patrons shared.

104. When Defendant' s call Miamisburg Police Department on January 24, 2021 reporting that Plaintiff refused to leave and will not wear a face mask and making the false report that there was  "Disorderly Subject"  at their Miamisburg location, with

knowing that there statements were false. Defendant et al, actions was retaliatory, made with deliberate intention to cause harm et seq., being trespassed or arrested for Plaintiff McComb exercising such rights.

105. The discriminatory and retaliatory acts were in fact racially motivated and done knowingly, with willful intent to cause Plaintiff harm or even being arrested and taken in disregards for Plaintiff McComb exercising all rights guaranteed.

<u>PRAYERS FOR RELIEF</u>

*WHEREFORE*, the Plaintiff Robert McComb requests that the Court enter a judgment against all named Defendant et al that:

I. Declares that the Defendants et al., discriminatory actions, procedures, policy and practices against Plaintiff McComb a member of Best Buy Store Card Holder constituted violated Title III of the ADA, 42 U.S.C. 12181-12189, 18 U.S.C. 245(F), 42 U.S.C. 1981 (Civil Rights Act of 1866, as amended and it' s implementing regulation, 28 C.F.R. pt.36 and discrimination on the bases of race in of public accommodation under Ohio Laws 15 (1884) Public Accommodations Law enacted 1884;

II. Declares that the Defendant' s et al intentional discriminatory actions, procedures and practices against Plaintiff McComb an active member of Best Buy Inc., and Citi Bank Card holder did Breach Contract its contract with Plaintiff McComb under Best Buy Card Agreement and in violation of 1981(a)(b)(c). Jurisprudence Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1267 (10th Cir. 1989); Hampton v. Dillard Dept. Stores, Inc.

III. Declares that the Defendant' s et al actions were retaliatory, and

25.

discriminatory based on Plaintiff McComb being African-American male and exercising his rights to enforce any and all contracts with Best Buy Inc., and Citi Bank; for exercising rights and privileges offered under Best Buy Facial Mask Policy of 2020 & 2021, Ohio Department of Health Executive/Directive Order dated April 5, 2021 under Stephanie McCloud, Director, Ohio Department of Health Executive/Directive Order dated July 23, 2021 and City of Dayton Mayor Whaley, at which time Defendants' summons Miamisburg Police Department for reasons they stated in the Police Reports were unjustified, unreasonable and executed with malice intent even with knowing the preexisting facts.

IV.  Declares that Best Buy Inc., Defendant' s et al was negligent and its actions failed below its duty of care to its customer an African American patrons and Credit Card Holders from its employees direct discriminatory acts on both occasion towards Plaintiff McComb that resulted in Plaintiff McComb suffering from Anxiety attacks, emotional distress from the threat of arrest.

V.  Enjoins all Defendants Best Buy et al, its officers, agents and employees, and all other persons in active concert against Plaintiff McComb in violation of Title III, 18 U.S.C. 245, 42 U.S.C. 12181-12189; 42 U.S.C.1981(a)(b)(c) Racial Discrimination in making & enforcing contracts under the Civil Rights of 1866, 42 USC 1981, its implementing regulation 28 C.F.R. pt. 36 and Ohio Laws 15 (1884) Public Accommodations Law enacted 1884.

VI.  Enjoins all defendants Best Buy et al, its officers, agents and employees named herein, Defendants et al and all other persons in active concert or participation with the defendants Best Buy Store., acted with malice

26.

and reckless indifference to Plaintiff McComb federal protected rights et seq. to racial discriminating and or intentional discrimination on the basis of plaintiff disabilities, breach contractual obligations and being of African descendant.

VII. Enjoins all defendants Best Buy et al, its officers, agents and employees, and other persons in active concert or participation with defendants for failing or refusing to enforce its non-face mask covering policy, practice and procedures for those with disabilities which was to ensure availability of goods, services, facilities privileges, advantages and accommodations to individuals with disabilities, including those with pre-existing physical acute respiratory and mental medical conditions.

VIII. Enjoins all defendants Best Buy et al, its officers, agents and employees, and other persons in active concert or participation with in racially discrimination and Breach of Contract in all "phases and incidents" of the Plaintiff Robert McComb contractual relationship with Best Buy Store, LP , and Citi Bank Inc. reference.

IX. Award to Plaintiff Robert McComb Monetary Damages in the against Best Buy Store, LP , for the discrimination, intentional discriminatory, racial discriminatory practices and Breach of Contractual Relations and contract with the Plaintiff McComb;

X. Award to Plaintiff Robert McComb Compensatory against each Defendant [employee/agent] that is to have found to have discriminated against Plaintiff Robert McComb in violations under ADA Title III, 42

27.

U.S.C. 1981 as amended 1991-1866, implementing regulation, ADA Title III 28 C.F.R. pt.36, 18 U.S.C. 245 and discriminated against on the bases of race from the comparison of facts and of public accommodation under Ohio Laws 15 (1884) Public Accommodations Law enacted 1884;

XI. Award Plaintiff Robert McComb compensatory damages, specific performace to compensate Plaintiff McComb for deliberate indifference and breach of his contract, malice acts of discrimination, public embarrassment, by cause of threat and coercion of arrest et seq, emotional damages, anguish, inconvenience, public embarrassment for exercising Plaintiff rights and privileges,

XII. Award Plaintiff Punitive Damages against the Defendants et al for knowingly and intentional discriminating against Plaintiff Robert McComb to include Breach of Plaintiff contract with Best Buy Inc., and Citi Bank Inc.,

XIII. Assesses civil penalties against all named defendants as authorized by 42 U.S.C. 12181(b)(2) and 28 C.F.R. 36.504 for January 24, 2021; January 25, 2021 and February 21, 2021 in amount sufficient to vindicate the public interest allowed under section (C)(i)(ii); and

XIV.    Grants such further relief as the interest of justice may require.

Respectfully submitted

*Robert McComb uccf-308*

Robert McComb

c/o 905 Gawain Circle

Dayton, Ohio 45449

Email: Bobbyshawn2433@gmail.com

Tel: 937-972-9191

## CERTIFICATE OF SERVICE

I hereby certify that Janaury 2, 2024. I Plaintiff in the above caption electronically filed with the Clerk, of United State District of the Southern District of Ohio, Western Division the above fore mention First Amended Complaint upon leave by this Court. The electronic filing systems send attorneys of records whom have consented to accept this notice as service by electronic means.

*Robert McComb uccf-308*

Robert McComb