UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT MCCOMB,

    Plaintiff,

vs.

BEST BUY INC.,[1] *et al.*,

    Defendants.

Case No. 3:23-cv-28

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT BY JANUARY 23, 2024; (2) REQUIRING PLAINTIFF TO FILE AN AFFIDAVIT BY JANUARY 23, 2024, AS SET FORTH HEREIN; AND (3) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS (Doc. No. 21)**

---

    This is a civil case in which *pro se* Plaintiff Robert McComb alleges he was wrongfully denied customer service at two Best Buy stores due to discrimination on the basis of his race and disability. Doc. No. 20 at PageID 534. McComb brings claims against Best Buy Stores, LP ("Best Buy") and employees of Best Buy. Doc. No. 20. On December 19, 2023, the Court granted Plaintiff leave to file an amended complaint. Doc. No. 19. The Court specified that the amended complaint shall not exceed 20 pages and shall comply with Federal Rule of Civil Proceudre 8(a). Doc. No. 19 at PageID 531. The case is before the Court on Plaintiff's proposed amended complaint (Doc. No. 20) and Defendants' motion to dismiss (Doc. No. 21).

    First, Plaintiff failed to comply with the Court's Order because the proposed amended complaint is 29 pages. Doc. No. 20.

---

[1] Plaintiff's initial complaint identifies Best Buy, Inc. as a Defendant. Defendant clarified that the correct name is Best Buy Stores, LP. Doc. No. 5 at PageID 157.

Second, having carefully and thoroughly considered the proposed amended complaint (Doc. No. 20), and liberally construing it in *pro se* Plaintiff's favor,[2] the Court continues to question whether Plaintiff's amended complaint satisfies Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that "'[a] pleading that states a claim for relief must contain,' among other things, 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint violates Fed. R. Civ. P. 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

Accordingly, Plaintiff is **GRANTED leave to file** a second amended complaint by **January 23, 2024**. The amended complaint **shall not exceed 20 pages** and shall comply with F. R. Civ. P. 8(a). Plaintiff is **ADVISED** that if he fails to timely file a second amended complaint in accordance with this Order, the Court may dismiss his complaint with prejudice and terminate this case on the docket. *See Kensu*, 5 F.4th at 652–53.

Additionally, Plaintiff shall file an affidavit by **January 23, 2024** verifying that he has not used Artificial Intelligence ("AI") to prepare case filings. The Court reminds all parties that they are not allowed to use AI—for any purpose—to prepare any filings in the instant case or any case before the undersigned. *See* Judge Newman's Civil Standing Order at VI. Both parties, and their respective counsel, have an obligation to immediately inform the Court if they discover that a party has used AI to prepare any filing. *Id.* The penalty for violating this provision includes, *inter alia*,

---

[2] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

striking the pleading from the record, the imposition of economic sanctions or contempt, and dismissal of the lawsuit. *Id.*

Finally, Defendants' renewed motion to dismiss (Doc. No. 21) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

January 16, 2024	s/Michael J. Newman
	Hon. Michael J. Newman
	United States District Judge