UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT MCCOMB,

    Plaintiff,

vs.

BEST BUY INC.,[1] *et al.*,

    Defendants.

Case No. 3:23-cv-28

District Judge Michael J. Newman,
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO FILE A THIRD AMENDED COMPLAINT (Doc. No. 27); (2) GRANTING DEFENDANTS' MOTION TO DISMISS AS TO ALL REMAINING DEFENDANTS (Doc. No. 29); (3) DENYING AS MOOT PLAINTIFF'S REMAINING MOTIONS (Doc. Nos. 32, 33); (4) DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF DEFENDANTS; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

This is a civil case in which *pro se* Plaintiff Robert McComb alleges he was wrongfully denied customer service at two Best Buy stores due to discrimination on the basis of his race and disability. Doc. No. 23 at PageID 582. McComb brings claims against Best Buy Stores, LP ("Best Buy") and Best Buy employees Hannah Jane Doe, Dorian John Doe, Jeremy South, Bob Profit, and Adao Russo (collectively, "Employees"). Doc. No. 20 at PageID 532-33. The case is before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 29. Plaintiff filed a memorandum in opposition (Doc. No. 30), and Defendants filed a reply (Doc. No. 31). Thus, the motion is ripe for review.

**I.    PROCEDURAL HISTORY**

On February 1, 2023, Plaintiff filed his initial complaint against Best Buy, the Employees, and the law firm and attorneys representing Best Buy. Doc. No. 2. On April 6, two motions to dismiss

---

[1] Plaintiff's complaint identifies Best Buy, Inc. as a Defendant. Defendant clarified that the correct name is Best Buy Stores, LP. Doc. No. 5 at PageID 157.

were filed: one on behalf of the law firm and attorneys and one on behalf of the remaining Defendants. Doc. Nos. 5, 6. The Court granted the motion to dismiss filed on behalf of the law firm and attorneys. Doc. No. 18. However, the Court denied the motion to dismiss filed on behalf of the remaining Defendants and granted Plaintiff leave to file an amended complaint as to those Defendants. Doc. No. 19. That Order specified that Plaintiff's amended complaint shall not exceed 20 pages and shall comply with Federal Rule of Civil Procedure 8(a). *Id.* at PageID 531.

On January 2, 2024, Plaintiff filed his first amended complaint. Doc. No. 20. That amended pleading failed to comply with the Court's Order because it was 29 pages in length. *Id.* Additionally, the Court questioned whether Plaintiff satisfied Rule 8(a). Doc. No. 22. at PageID 580. Thus, the Court, acting in the interest of justice, granted Plaintiff leave to file a second amended complaint. *Id.*

Plaintiff filed a second amended complaint on January 23, 2024. Doc. No. 23. The second amended complaint is 20 pages, but also contains 70 pages of exhibits. Doc. No. 23. A week later, on January 31, 2024, Plaintiff filed a motion to amend his complaint a third time. Doc. No. 27. The proposed third amended complaint is nearly identical to the second amended complaint. Doc. Nos. 23, 27. The only major difference between the two documents is the introduction section. *Id.* On February 7, 2024, the remaining Defendants renewed their motion to dismiss Plaintiff's claims. Doc. No. 29.

    **II.**    **MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave" to amend a complaint "when justice so requires." However, a court may deny a motion to amend when the "proposed amendment would have been futile." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A proposed amended complaint "is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.*

2

Here, the proposed third amended complaint is nearly identical to the second amended complaint, aside from different introduction sections. *See* Doc. Nos. 23, 27. As explained below, neither the second nor proposed third amended complaint survive a Rule 12(b)(6) motion to dismiss. Thus, Plaintiff's motion to file a third amended complaint must be denied.

### III. RULE 12(b)(6) STANDARD OF REVIEW

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint

3

and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Additionally, the Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### IV.  LAW AND ANALYSIS

Plaintiff's claims against all remaining Defendants must be dismissed. The second and third amended complaints,[2] liberally construed, assert two groups of claims: (1) disability discrimination in violation of Title III of the Americans with Disabilities Act ("Title III"); and (2) race discrimination and retaliation in violation of 42 U.S.C. § 1981.[3] Doc. Nos. 23, 27.

#### A.  Alleged Disability Discrimination

First, Plaintiff asserts a claim of disability discrimination in violation of Title III. Doc. No. 23 at PageID 594-95. Title III prohibits disability discrimination in places of public accommodation. *Powell v. Bartlett Med. Clinic & Wellness Ctr.*, No. 2:20-cv-2118, 2021 WL 243194, at *8 (S.D. Ohio Jan. 25, 2021) (citing 42 U.S.C. § 12182(a)). To state a disability discrimination claim under Title III, a plaintiff must show: (1) he or she is disabled as defined by the ADA; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) "the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability[;]" and (4) the

---

[2] Because the second and third amended complaints are nearly identical, the Court will only provide citations to the second amended complaint.
[3] Defendants' motion to dismiss references a § 1983 claim. Doc. No. 29 at PageID 731. However, neither Plaintiff's second nor third amended complaint reference § 1983. *See* Doc. Nos. 23, 27. Thus, the Court finds Plaintiff did not state a claim under § 1983.

4

defendant failed to make reasonable modifications to accommodate the plaintiff. *Id.* (internal quotations omitted).

Here, Plaintiff alleges that his asthma is a disability. Doc. No. 23 at PageID 584. Additionally, Defendants do not dispute that Best Buy is a place of public accommodation. *See* Doc. No. 29 at PageID 726. However, Plaintiff does not allege the Employees personally own, lease, or operate Best Buy. See Doc. No. 23. Thus, the Title III claim against the Employees must be dismissed. *Reinoehl v. Whitmer*, No. 22-1343, 2023 WL 3046052, at *2 (6th Cir. Apr. 17, 2023).

That claim must also be dismissed as it applies to Best Buy. First, Plaintiff fails to allege facts that show Best Buy took an adverse action against him based upon his alleged asthma disability. *See* Doc. No. 23. Instead, Plaintiff alleges that Defendants refused to serve him inside two Best Buy locations because he was not wearing a face mask. *Id.* at PageID 583-84; *see Reinoehl v. Whitmer*, No. 1:21-cv-61, 2022 WL 1110273, at *3 (W.D. Mich. Feb. 3, 2022) (Report and Recommendation adopted by 2022 WL 855266 (W.D. Mich. Mar. 23, 2022)), *aff'd* 2023 WL 3046052 (6th Cir. Apr. 17, 2023)) (finding that the plaintiff failed to state a claim under Title III because she did "not allege that she was denied entry […] based on any disability" and instead only "alleges she was denied entry because she refused to wear a mask").

Second, Plaintiff does not allege that Best Buy failed to make a reasonable modification of its mask policy. To show that a defendant failed to make a reasonable modification, "courts consider whether a requested policy or practice modification (1) is reasonable, (2) is necessary for the disabled individual, and (3) would fundamentally alter the nature of the activity at issue." *Powell*, 2021 WL 243194, at *10. Here, Plaintiff asserts that he is unable "to wear any covering that obstructs [his] breathing" and that his asthma prevents him "from wearing [a] facial covering." Doc. No. 23 at PageID 588, 595. Thus, it appears he does not request a modification beyond an exemption from wearing a face covering. *See id.* However, Plaintiff fails to allege that he was incapable of wearing

5

a face shield or of taking advantage of the curbside pickup accommodation Best Buy offered. *See* Doc. No. 23 at PageID 586; *Giles v. Sprouts Farmers Market, Inc.*, No. 10-cv-2131, 2021 WL 2072379, at *4 (S.D. Cal. May 24, 2021) (dismissing a Title III claim where the plaintiff failed to allege she was incapable of wearing a face shield, and the defendant offered a curbside pickup service).

Thus, Plaintiff's disability discrimination claims must be dismissed as to all Defendants.

### B. Alleged Race Discrimination and Retaliation

Next, Plaintiff asserts claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981. Doc. No. 23 at PageID 592-94, 597. To state a claim under § 1981, the plaintiff must allege "that race was a but-for cause of [his] injury." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020). A claim may be brought under § 1981 "when a plaintiff has suffered an injury flowing from the racially-motivated breach of his contractual relationship with another party." *Han v. Univ. of Dayton*, 541 Fed. App'x 622, 626 (6th Cir. 2013). While a "complaint need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that Defendants discriminated against Plaintiff with respect to his race[.]" *Id.* (internal quotations omitted).

Here, Plaintiff fails to state a claim of race discrimination because his "complaint is devoid of facts that would allow the Court to" infer that any adverse actions taken against him were a result of his race. *See id.* Plaintiff makes conclusory allegations he was "removed from [Best Buy] based on being of African [decent.]" However, none of Plaintiff's factual allegations support this claim. Instead, he repeatedly states that Defendants denied him service because he was not wearing a face covering—not because of his race. Doc. No. 23 at PageID 583-86.

6

Nor has Plaintiff stated an actionable retaliation claim. Plaintiff does not make any allegations that Defendants took retaliatory actions due to his exercise of a protected activity, such as accessing the courts. *See Newton v. Meijer Stores Ltd. P'ship*, 347 F.Supp.2d 516, 522 (N.D. Ohio 2004); Doc. No. 23 at PageID 597.

Thus, Plaintiff's race discrimination and retaliation claims must be dismissed as to all Defendants pursuant to Rule 12(b)(6).

V. **CONCLUSION**

Accordingly, Defendants' motion to dismiss (Doc. No. 29) is **GRANTED**. Plaintiff's motion to file a third amended complaint (Doc. No. 27) is **DENIED** and Plaintiff's remaining motions (Doc. Nos. 32, 33) are **DENIED AS MOOT**. Plaintiff's claims against all remaining Defendants are **DISMISSED WITH PREJUDICE,** and this case is **TERMINATED** on the docket. Judgment shall be entered in **FAVOR OF DEFENDANTS**.

**IT IS SO ORDERED.**

September 23, 2024            s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge